**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KEVIN J. WILSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3111** |
| **STATE OF LOUISIANA** | **SECTION "G"(4)** |

**REPORT AND RECOMMENDATION**

Before the Court is petitioner Kevin J. Wilson's notice to the Court of his intent to withdraw his federal habeas corpus petition brought under 28 U.S.C. § 2254 challenging his Orleans Parish conviction.[1]  ECF No. 6.  This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2).[2]

**I.      Background and Discussion**

The Clerk of Court filed Wilson's original petition as deficient for lack of proper form and failure to pay the filing fee or file a pauper application.  ECF No. 2.  When Wilson failed to respond to the Clerk's Notice of Deficiency, the Court issued two Rules to Show Cause to provide Wilson with opportunities to correct his deficient petition and other deficiencies.  ECF Nos. 3, 5.  Wilson

---

[1] Wilson has not specified when or for what charge he was convicted.

[2] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

still has not done so.  The filing fee has not been paid, he has not sought or received leave to proceed as a pauper, and his deficient petition has not been served on the respondent.

Instead, Wilson now seeks to withdraw his deficient petition so that he may continue to pursue state court post-conviction review.  ECF No. 6.  Wilson's pleading is construed as a notice of his intent to voluntarily dismiss his claims under Fed. R. Civ. P. 41(a), applicable to this federal habeas case pursuant to Rule 12 of the Rules Governing Section 2254 Cases.

A petitioner may voluntarily dismiss an action without court order and without consent of a respondent by filing a notice of dismissal before service of an answer or motion for summary judgment.  Fed. R. Civ. P. 41(a)(1)(A)(i); *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979).  The notice under this rule is effective *immediately* and does not require court action.  *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010).  "[I]n the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself."  *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010).  The notice "itself closes the file [. . .].  There is not even a perfunctory order of court closing the file.  Its alpha and omega was the doing of the plaintiff alone."  *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963).

Wilson's notice is sufficient under Rule 41(a)(1)(A)(i) for dismissal of this case without prejudice.  The dismissal is appropriate because the respondent has not been served nor filed a responsive pleading.  The dismissal also does not prejudice or compromise the respondent's available defenses to any future, properly filed federal habeas petition.  While no dismissal order is needed under Fed. R. Civ. P. 41(a), it is recommended that the court enter an order of dismissal without prejudice, for purposes of precise record maintenance and to assure clear resolution of this matter.

2

**II.**    **Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Wilson's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** pursuant to his notice of voluntary dismissal.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 10th day of March, 2021.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.